**Hauck v. Wolfe**

420

*Harry Newman* and *Daniel E. Cohen*, for plaintiff.

*Robert H. Holland*, *Thomas A. Wallitsch* and *Edward C. McCardle*, for defendants.

FRANKSTON, *Administrator*, May 23, 1980— Plaintiff commenced this action with a complaint mailed September 11, 1979, naming Arthur L. Wolfe, O.D. and A. L. Wolfe and Associates, Inc. as defendants. Thereafter, Dr. Wolfe joined Bernard F. Kotanchick, D.O. and Joseph P. Hutsko, D.O. as additional defendants. Dr. Wolfe is an optometrist who allegedly failed to properly treat Ellen Hauck, plaintiff, for visual problems resulting from her diabetes. Wolfe and Associates, Inc. is allegedly a professional corporation existing for the practice of optometry.

Dr. Wolfe contends Doctors Kotanchick and Hutsko are osteopathic physicians who treated plaintiff for her diabetic condition but negligently failed to refer plaintiff for appropriate care for the effects of her diabetic condition on her eyes.

The issue before us is whether this claim should be transferred to the Northampton County Court of Common Pleas. January 13, 1976 was the effective date of the Health Care Services Malpractice Act (hereinafter the Act) of October 15, 1975, P.L. 390, as amended, 40 P.S. §1301.101 et seq. We have previously determined that where significant acts of negligence are alleged to have occurred both prior to and following January 13, 1976, the entire action will be transferred to the court of common pleas, unless the acts occurring subsequent to the effective date are wholly independent of the earlier acts: Walters v. Kozin, M79-0387 (Opinion of the Administrator, dated January 10, 1980). From

plaintiff's complaint, defendant's complaint joining additional defendants, the depositions of the parties, and the remainder of the record, it is clear that this claim involves significant acts occurring after the effective date which are so intertwined and interconnected with allegedly negligent acts occurring prior to that date as to make severance of the matter impractical and uneconomical. Our decision would have been facilitated if the parties had supplied the affidavits setting forth dates and manner of treatment and briefs as directed in our order of April 11, 1980.

Apart from the above grounds for the transfer, this action properly belongs in the court of common pleas because not one of the original defendants is a health care provider as defined by section 103 of the Act, 40 P.S. § 1301.103. Optometrists are not health care providers as defined by section 103. Where none of the original defendants is a health care provider, we are without jurisdiction over the action, even if health care providers are later joined as additional defendants: Bost v. Pilling Company, 14 D. & C. 3d 422 (1980).

Accordingly, we enter the following

ORDER

And now, May 23, 1980, upon consideration of the absence of appropriate responses to our order of April 11, 1980, the correspondence of counsel for Dr. Kotanchick and defendants, and the remainder of the record, it is hereby ordered and decreed that this action shall be transferred to the Northampton County Court of Common Pleas for the reasons set forth in the above opinion.